IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY B. WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 3:11CV709-HEH |
| WILLIAM C. SMITH, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Gary B. Williams, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Suffolk ("Circuit Court"). By Memorandum Order entered on July 10, 2012, the Court directed Respondent to file a response to Williams's § 2254 Petition. On July 18, 2012, the Court received Williams's Motion to Amend his § 2254 Petition. On August 13, 2012, Respondent moved to dismiss the § 2254 Petition. By Memorandum Order entered on October 1, 2012, the Court granted Williams's Motion to Amend and granted Williams eleven (11) days to file a reply to the Motion to Dismiss. Williams has replied. For the reasons that follow, the action will be dismissed without prejudice so that Williams may exhaust his remedies in state court.

# I. PROCEDURAL HISTORY

A jury in the Circuit Court found Williams guilty of aggravated malicious wounding. On October 20, 2011, the Circuit Court entered the final judgment with respect to this conviction.[1] (Br. Supp. Mot. Dismiss ¶ 1.) Williams appealed his conviction to the Court of Appeals of Virginia. On May 10, 2012, the Court of Appeals of Virginia denied Williams's petition for appeal. (*Id.* ¶ 3.) Williams has appealed to the Supreme Court of Virginia. (*Id.*) The parties do not suggest that the Supreme Court of Virginia has resolved Williams's petition for appeal.

## II. EXHAUSTION OF STATE REMEDIES

### A. General Principles

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in the congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

---

[1] Prior to the entry of the final judgment in his criminal case, Williams filed at least three habeas corpus petitions with the Supreme Court of Virginia. (§ 2254 Pet. ¶ 11.)

Exhaustion requires the petitioner to make a two-part showing. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The burden of proving that a claim has been exhausted in accordance with a 'state's chosen procedural scheme' lies with the petitioner." *Greene v. Johnson*, No. 3:10cv53, 2012 WL 3555373, at *4 (E.D. Va. Aug. 16, 2012) (quoting *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994)).

**B.     Williams's Lack of Exhaustion**

First, Williams has failed to exhaust his state court remedies in accordance with Virginia's chosen procedural scheme. Although Williams filed habeas corpus petitions with the Supreme Court of Virginia, such petitions were premature to challenge his

3

conviction for aggravated malicious wounding. Under Virginia law, "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years *from* the date of final judgment in the trial court or within one year *from* either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code 8.01–654(A)(2) (West 2012) (emphasis added). Here, Williams filed his state habeas petitions prior to the entry of the final judgment in the Circuit Court and prior to conclusion of his direct appeal. *See supra* n.1. Therefore, such petitions did not satisfy the exhaustion requirement. *See Mallory*, 27 F.3d at 994 (emphasizing that exhaustion requires "more than a perfunctory jaunt through the state court system" (citing *Picard*, 404 U.S. at 275–76)).

Second, Williams fails to satisfy the first aspect of exhaustion because his direct appeal remains pending before the Supreme Court of Virginia, *see supra* Part I, and he can still file a petition for a writ of habeas corpus challenging his conviction for aggravated malicious wounding. *See Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand." (internal quotation marks omitted) (citing *Gilstrap v. Godwin*, 517 F.2d 52, 53 (4th Cir. 1975))); *Cardoza v. Dir. Va. Dep't of Corr.*, No. 7:07cv00359, 2007 WL 2188137, at *1 (W.D. Va. July 27, 2007).

Williams protests that he should be excused from exhausting his state remedies because "such remed[ies were] blocked or rendered ineffective." (Pet'r's Resp. Opp'n

Mot. Dismiss 2 (citing *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983)). At this juncture, Williams simply has not demonstrated that his Virginia remedies have been completely blocked or rendered ineffective. Rather, the record currently available to this Court reflects that Williams's indifference to Virginia's procedural rules governing criminal appeals and post-conviction petitions has prompted Virginia's appellate courts to impose a limited level of prefiling review to protect their dockets from Williams's abusive litigation.[2] Williams cannot utilize his disregard of Virginia's procedural rules as a basis for excusing him from complying with the exhaustion requirement. "State court procedures for presenting claims are not discretionary. . . . The state courts are familiar with those procedures and expect that all litigants will follow them." *Mallory*, 27 F.3d at 996.

The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing cases). That is the case here.[3] In his Amended § 2254 Petition, Williams raises ten separate

---

[2] *See Williams v. Smith*, No. 3:11CV578–HEH, 2012 WL 3985609, at *1 n.1 (E.D. Va. Sept. 11, 2012) (observing that the Supreme Court of Virginia had barred Williams "'from filing *pro se* pleadings with the Court of Appeals or Supreme Court of Virginia without [the] prior leave of that Court.'" (alteration in original) (quoting *Williams v. Commonwealth*, No. 051445, at 1 (Va. Sept. 16, 2005))).

[3] Respondent asserted that the Court should dismiss the original § 2254 Petition on the ground that Williams had procedurally defaulted his claims because he failed to raise them on direct appeal. Nevertheless, the possibility remains that the Virginia courts could address Williams's claims on direct appeal under the "ends of justice" exception, *see* Va. Sup. Ct. R. 5:25, or on a habeas review if Williams establishes cause and prejudice for any default. *See Epperly v. Booker*, 366 S.E.2d 62, 67 (Va. 1988). Under such circumstances, the proper course

claims for relief. The record does not indicate that Williams has properly exhausted his state court remedies with respect to any of these claims. Accordingly, the Motion to Dismiss (ECF No. 12) will be granted to the extent that the action will be dismissed without prejudice.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Williams is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 27 2012
Richmond, Virginia

---

is to dismiss the action without prejudice. *See Richardson*, 716 F.2d at 1062 (reversing district court determination of procedural default because "[g]iven the possible availability of a state remedy, the petition should have been dismissed so that the [state] courts could decide whether [the inmate] was barred from state relief on the two new claims.").