# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

GARY BUTERRA WILLIAMS,          )
                                )
    Petitioner,              )
                                )
v.                              )  Civil Action No. 3:11CV709–HEH
                                )
WILLIAM C. SMITH,               )
                                )
    Respondent.              )

## MEMORANDUM OPINION
### (Denying Motion to Alter or Amend)

Gary B. Williams, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Suffolk ("Circuit Court"). By Memorandum Opinion and Order entered on December 27, 2012, the Court dismissed the action without prejudice because Williams had failed to exhaust his remedies in state court. *Williams v. Smith*, No. 3:11CV709–HEH, 2012 WL 6725618, at *2 (E.D. Va. Dec. 27, 2012). The matter is before the Court on Williams's Motion to Alter or Amend that decision under Federal Rule of Civil Procedure 59(e). For the reasons stated herein, the Motion to Alter or Amend will be denied.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406,

1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).[1] Williams fails to demonstrate that the Court committed a clear error of law in concluding that he failed to exhaust his remedies in state court. Nor does Williams demonstrate any other basis for granting Rule 59(e) relief. Accordingly, Williams's Motion to Alter or Amend (ECF No. 25) is DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Williams is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 29, 2013
Richmond, Virginia

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).